Argued and submitted October 20, affirmed November 18, 2020, petition for review denied April 8, 2021 (367 Or 827)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRIAN CURTIS RUDD,
*Defendant-Appellant.*

Washington County Circuit Court
18CR30074; A170133

478 P3d 603

Andrew Erwin, Judge.

David Sherbo-Huggins, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Dashiell L. Farewell, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction pursuant to a bench trial for three sex offenses, including one count of luring a minor in violation of ORS 167.057. He assigns error to the trial court's denial of his motion for judgment of acquittal on that count, contending that the evidence was insufficient to support his conviction under our interpretation of ORS 167.057 in *State v. King*, 278 Or App 65, 373 P3d 1205 (2016). We affirm.

Pertinent to this case, ORS 167.057(1) provides that "[a] person commits the crime of luring a minor if the person furnishes to, or uses with, *** a police officer posing as a minor *** [an] explicit verbal description *** of sexual conduct for the purpose of inducing the *** purported minor to engage in sexual conduct." In *King*, we construed the phrase "explicit verbal description *** of sexual conduct." 278 Or App at 68. We held that, "in using the term 'explicit verbal description *** of sexual conduct,' the legislature intended to target the explicit identification of sexual conduct when that identification is intended to bring a graphic sexual image to the mind of the recipient." *Id*. at 71. Applying that standard, we concluded that the defendant's text message to the victim in that case—"'I really wanna bang [you]'"—when considered in the context of defendant's other communications with her, was sufficient to permit a reasonable factfinder to "infer that defendant intended to bring a graphic sexual image to the mind of the victim." *Id*. at 72-73.

Although defendant argues otherwise, this case is much the same. Here, defendant texted the phrase "You looking for some dick?" to a police officer, who he believed to be a 15-year-old girl named "Emma Ray." That phrase, when considered in the context of defendant's entire exchange with the police officer, would allow a reasonable factfinder to infer that defendant intended to bring a graphic sexual image (involving the recipient of defendant's text and defendant's penis) to the mind of the recipient:

"[Defendant:]    Damn baby girl, I do. How old are you?

"['Emma Ray':]    15

"[Defendant:]   You like guys in their 20's?

"['Emma Ray':]   Yeah that's cool

"[Defendant:]   How long are your parents gone for?

"['Emma Ray':]   Mom gone for a few more hours at least

"[Defendant:]   You looking for some dick?

"['Emma Ray':]   👌

"[Defendant:]   Send me the address, I'll grab a shower and head on over.

"['Emma Ray':]   Can you bring covers? I can't get pregnant

"[Defendant:]   Yeah, of course

"['Emma Ray':]   Ok yeah jump in the shower and come over[.]"

Although that would not be the only reasonable inference a factfinder could reach, it is a permissible one. The trial court properly denied defendant's motion for judgment of acquittal.

Affirmed.